WEBSTER (UNITED STATES v.). See Case No. 16,658.

---

## Case No. 17,339.
### WEBSTER v. WARREN.
[2 Wash. C. C. 456.] [1]

Circuit Court, D. Pennsylvania. April Term, 1810.

ACTION OF COVENANT — PLEADING — DEFENSES — DEPENDENT AND INDEPENDENT COVENANTS — EVIDENCE OF PERFORMANCE — MITIGATION OF DAMAGES.

1. Action of covenant upon an agreement under seal by which the plaintiff stipulated to perform, in the Philadelphia and Baltimore theatres, for three years, and not to play or sing at any other theatre, without the license of the defendant; and the defendant agreed to pay the plaintiff so much per week, and to allow him the profits of a benefit and a half each season, provided the plaintiff kept and performed all his covenants, and not otherwise.

2. The defendant pleaded covenants performed, with leave to give in evidence, every thing which amounts to a legel defence.

[Cited in Dushane v. Benedict, 120 U. S. 640, 7. Sup. Ct. 699.]

3. The defendant offered evidence to prove that the plaintiff had played at other theatres, without his license; and ill conduct on his part, which had produced riots at the theatre.

4. This plea, according to its import, and the understanding of the bar, amounts to an agreement that the defendant may give in evidence any thing which he might plead, and which, in point of law, can protect him from the plaintiff's claim.

[Cited in Dushane v. Benedict, 120 U. S. 640, 7 Sup. Ct. 699.]

[Cited in brief in Ellmaher v. Insurance Co., 5 Pa. St. 187.]

5. Where the covenants are dependent, the plaintiff cannot support this action as to them, without showing performance of every affirmative covenant on his part, and in such a case, it is competent to the defendant to prove a breach of such as are negative.

[Cited in brief in Rankin v. Depmott, 61 Pa. St. 264.]

6. Where the covenants are independent, evidence under the plea of covenants performed, with leave, &c., cannot be given, which amounts to a bar of the plaintiff's action, or to an offset

---

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

of damages sustained by a breach of other independent covenants. Such evidence cannot be given in mitigation of damages.

This is an action of covenant, upon an agreement under seal, executed by both parties, whereby the plaintiff agrees, for three years, to play and perform upon the Philadelphia and Baltimore theatres, under the management of the defendant, such parts and characters as should be allotted to him by the managers, to attend the rehearsals at the times appointed, and to pay, or permit the manager to retain, such forfeits as he, Webster. may incur, according to a table of forfeits annexed, and not to play, or perform, or sing, on any other stage, or in any other place, during the above time, without a license first obtained from the manager. In consideration of all which covenants to be performed by Webster, Warren agrees to allow him, for the first year, eighteen dollars per week, during the seasons, payable weekly by the treasurer; and for the remaining two years, twenty-three dollars and thirty-three cents per week. The agreement then proceeds to state, that if Webster shall keep and perform all and singular the above covenants, on his part, and not otherwise, Warren agrees to allow him annually, one winter, and half of one summer benefit. The parties then mutually bind themselves each to the other, in a certain penalty, to keep their said covenants. The breaches laid in the declaration are, that the defendant, in April, 1808, before the expiration of the three years, discharged the plaintiff, although he was always ready, and offered to perform his parts of the agreement and had refused, from that time, to pay him the sum stipulated per week, and also to allow him the benefits, to which he was afterwards entitled. Plea, covenants performed, with leave to give in evidence every thing which amounts to a legal defence; to which plea issue was taken. The plaintiff proved his dismission, the probable value of his benefits, to which he claimed to be afterwards entitled, the nonpayment of them, and of his weekly allowances. The defendant then offered evidence to show that the plaintiff had broken his agreement, by playing or singing, without license, at New-York, previous to his discharge; that by his misconduct, either real, or imputed to him by the public, the character of the theatre had been injured, and each night, when the plaintiff appeared, the theatre had, for this reason, exhibited scenes of riot and confusion; and, finally, that the plaintiff had sustained no injury by being turned away, having received at other theatres much more than the defendant was bound to pay him. This evidence was objected to, and the court called upon the defendant's counsel to begin and show, if they could, that it was proper.

Mr. Rawle and J. R. Ingersoll, for defendant, insisted, that under this plea, and according to the practice of this state, the defendant was at liberty to give in evidence, any matter which might have been specially pleaded, or in mitigation of damages; and that it was not necessary to give notice of the matters intended to be urged in the defence. That these were dependent

covenants, or if not so, still, as the defendant could have no. remedy for the breaches committed by the plaintiff, he might offer the matter in evidence, to lessen the damages.

C. J. Ingersoll, for plaintiff, combated all those points and cited the following cases, 1 Sandf. 320; Cowp. 56; 2 Bac. Abr. 92, Doug. 684; 1 Term R. 638; 1 Esp. 35; 1 Camp. N. P. 377, 5 Bos. & P. 136; Willis, 157.

BY THE COURT. The greatest difficulty arises from the singularity of the plea, which seems almost peculiar to this state. But, construing it according to its own import. and the understanding of the bar, we conceive it amounts to an agreement, that the defendant may give in evidence any thing which he might plead, or which, in point of law, can protect him against the claim; and, although it would seem just, that the plaintiff should have notice of the matter of the defence, yet, as in similar actions and pleas on policies of insurance, it is not the practice to give such notice, unless called for, we should consider the objection now made on this account, as a surprise on the defendant, which might induce the court to set aside the verdict, if against the defendant. With respect to the breach assigned, as to the benefits, it is clear, that the covenants are dependent, and that the plaintiff is not entitled to claim any thing in the way of benefits, without showing performance of every affirmative covenant on his part, and it is competent to the defendant to prove the breach of such of the covenants as are negative. But as to the other parts of the agreement, the covenants are mutual and independent, Webster agreeing to do certain things, and not to do others; and Warren, in consideration of such covenants, agreeing to pay him so much per week. As to those covenants in respect to the weekly pay, the defence set up amounts either to a bar of the plaintiff's action, or to an offset of damages, sustained by a breach of independent covenants. It is impossible that the first can be supported, where the covenants are independent. If the defendant has been injured by a breach of the covenants on the part of the plaintiff. he may recover damages in an action against him, but he cannot give such breaches in evidence, either by way of bar. of offset, or in mitigation.

Upon this opinion being given. the parties agreed to a compromise, and a juror was withdrawn.